IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| HARRY BERROA | : | NO. 07-243-01 |
| JESSE DAWSON | | NO. 07-243-02 |

## MEMORANDUM

**Baylson, J.**                                                                                             **April 17, 2008**

The Court held a pretrial hearing in this case on April 3, 2008. Initially, the Court reviewed pending motions with both defense counsel and concluded that most of the pretrial motions will have to await the start of the trial, or be considered based on the evidence presented during the trial.

**1.    Severance**

One motion that can be disposed of now is the Defendants' Motion to Sever. The Third Circuit has universally affirmed the denial of motions to sever defendants who are accused of being co-conspirators. In this case, the indictment charges both Defendants with participating in a conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a), interference with interstate commerce by armed robbery in violation of 18 U.S.C. § 1951(a), using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1), and aiding and abetting in violation of 18 U.S.C. § 2.

The undersigned has previously presided over two trials on this indictment against Defendant Berroa alone, because Defendant Dawson was a fugitive. In the first trial the jury

could not reach a verdict. In the second trial, the jury convicted Berroa on Count I, but acquitted on Count II; however, the Court granted a new trial as to Count I. The evidence presented by the government clearly showed that both Defendants participated in this robbery and were arrested together outside the store in which the robbery occurred, shortly after the robbery was completed, according to the victim and police witnesses. On these facts there would be no basis whatsoever on which to grant a severance.

Defendant Berroa asserts the fact that a jury in the second trial acquitted him of conspiracy, although convicting him of interference with interstate commerce by armed robbery, warrants granting him a severance because the jury in the upcoming trial will not be able to consider any charge of conspiracy against him. The Court finds that this is not sufficient reason to grant a severance.

Both Defendants are still charged with the same substantive crime, interference with interstate commerce by armed robbery. The government has evidence they discussed the robbery with each other before it took place. The Court will instruct the jury that the charge of conspiracy is pending only against Defendant Dawson.

The Court will deny the Motion for Severance. One of the reasons for granting Defendant Berroa a new trial was because the Court thought it might be a fairer trial to Berroa if he were standing trial together with Dawson, rather than alone, in that the victim clearly testified that during the robbery, of the two Defendants, Dawson was the more aggressive and violent, and in charge of the situation. This may inure to Berroa's benefit. However, it is not grounds for a severance.

**2.     Pretrial Release**

The second motion which the Court considered in detail on April 3, 2008 was Defendant Berroa's Renewed Motion for Release Pending Trial.  The Court heard testimony from an individual who operates a retail grocery store in the neighborhood where Berroa resides.  This individual testified that he would offer Defendant Berroa a full-time job working in the store if he was released.

There is still a lingering issue as to whether there is an outstanding bench warrant in New Jersey against the Defendant Berroa and whether there is a detainer at the Federal Detention Center.  Mr. Berroa's counsel, Eugene Tinari, Esquire, provided the Court with a lengthy letter dated April 7, 2008 describing how Mr. Berroa attempted to get a bench warrant that had been issued against him in New Jersey some years earlier lifted.  The Court accepts Mr. Tinari's representations, and notes the bureaucratic difficulties which Mr. Berroa encountered when he attempted to have the bench warrant lifted.  Notwithstanding these facts, there is still a bench warrant for Mr. Berroa outstanding in New Jersey.  There is no evidence that there is a detainer lodged at the Federal Detention Center.

In addition, the government relies on evidence that Berroa has not been a model prisoner while at the Federal Detention Center and that he has not been credible with the Court in previous explanations supporting his request for a release, specifically that he would secure a driving job despite the fact his driver's license was suspended.

Considering all relevant facts, and the existence of probable cause, and the factors in 18 U.S.C. § 3142, the Court takes into account the fact that Mr. Berroa was convicted by a jury of a serious offense carrying a ten-year mandatory minimum term of imprisonment, that the grant of a

new trial was because of a procedural irregularity that took place while the jury was deliberating, that the Court granted a new trial in part in an exercise of discretion because of what the Court perceives as a fairer proceeding in which Mr. Berroa would stand trial together with his co-Defendant Jesse Dawson, that the Court could have, as the government urged, convened a hearing of the jurors to determine whether their exposure to a dictionary had been prejudicial, but elected not to do so, that otherwise the trial at which Mr. Berroa was convicted was thoroughly fair, that there is a bench warrant outstanding as to Mr. Berroa, that Mr. Berroa is still charged with a serious crime, and that although he does have family ties and the promise of employment in his neighborhood if released, the factors in favor of pretrial detention outweigh the factors favoring pretrial release.  For that reason, Defendant Berroa's request for pretrial release will be denied.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| HARRY BERROA | : | NO. 07-243-01 |
| JESSE DAWSON | | NO. 07-243-02 |

**ORDER**

AND NOW, this 17th day of April, 2008, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED as follows:

1. The Motion of Defendants for a Severance (Doc. No. 133) is DENIED.

2. The Motion of Defendant Harry Berroa for Pretrial Release (Doc. No. 134) on bail is DENIED.

3. The trial of this case will start on Monday, June 9, 2008 at 9:30 a.m. in Courtroom 3A. If counsel are available the prior week for jury selection, they shall advise the Court's Deputy Clerk, Lenora Wittje, who will arrange for jury selection on an appropriate day.

4. There will be no court on Friday, June 13, 2008.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\Criminal Cases\07-243, Berroa, US v\Berroa Dawson Memo 4-17-08.wpd