IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| HARRY BERROA | : | NO. 07-243-01 |

**MEMORANDUM AND ORDER**

The jury reached a verdict of guilty on the indictment charging Harry Berroa with interference with commerce by armed robbery and firearms violation on July 30, 2008.

After the Court completed the charge and advised the jury to begin its deliberations, Defendant Berroa began speaking out in a loud voice, addressing the Court, with words to the effect that the jury did not have all of the evidence. The Court instructed the jury not to pay any attention to Mr. Berroa's unwarranted outburst. As a result of Mr. Berroa continuing talking while the jury was leaving the Court, after the jury had left the courtroom, the Court directed the Marshals to remove Mr. Berroa from the courtroom.

At this point, the jury was brought back into the courtroom and was advised to decide the case on the evidence, arguments and charge that had taken place during the regular trial, and not to give any consideration to Mr. Berroa's outburst as the jury was leaving the courtroom.

The Court also determined that Mr. Berroa was in direct criminal contempt of Court by reason of his outburst. This was Mr. Berroa's third trial, and he was well acquainted with trial procedure. Mr. Berroa had frequently addressed the Court in various pretrial hearings, even

-1-

though he was represented by counsel.  At the start of this trial, before the jury was selected, Mr. Berroa continued to make spontaneous outbursts, sometimes interrupting his own counsel, and the Court directed him not to do so.

The Court finds that Mr. Berroa clearly knew that his outburst, as the jury was leaving the courtroom, was improper and the Court finds that it was an attempt to cause a mistrial so that the case would have to be retried.

Direct criminal contempt has been "generally defined as a disruptive act in the presence of the court, such as the use of offensive words or conduct." Figueroa v. Blackburn, 39 F.Supp.2d 479, 493 (D.N.J. 1999); see also Codispoti v. Pennsylvania, 418 U.S. 506, 509 n.1 (1974) (Defendant was charged for direct contempt when he "interrupted the Court in its attempts to charge the jury, thereby creating an atmosphere of utter confusion and chaos.") (internal quotations omitted); 17 C.J.S. Contempt § 4 (2008) ("Direct contempt is committed in a judge's presence and either interrupts a court's proceedings or results in interference with a court's ability to administer justice.").  The judge maintains "broad discretion in determining when an individual is in contempt of court."  Figueroa, 39 F.Supp.2d at 493.  In Bloom v. Illinois, the Supreme Court held that direct criminal contempt is a "crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both." 391 U.S. 194, 201-202 (1968).

In Cheff v. Schnackenberg, the Supreme Court held that "sentences exceeding six months [imprisonment] for criminal contempt may not be imposed by federal courts absent a jury trial or waiver thereof."  384 U.S. 373, 383 (1966).

Under all of the circumstances, the Court concludes that Mr. Berroa's conduct warranted

the finding of direct criminal contempt and sentence will be imposed at the time of the sentencing on the charges in the indictment.

BY THE COURT:

s/Michael M. Baylson

Date:   8/7/08

Michael M. Baylson, U.S.D.C.

O:\Criminal Cases\07-243, Berroa, US v\Berroa Memo & Order 8-5-08.wpd