**IN THE UNITED STATES DISTRICT Court
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HARRY BERROA | : | CIVIL ACTION |
| | | NO. 11-7344 |
| v. | : | |
| | | CRIMINAL ACTION |
| UNITED STATES OF AMERICA | : | NO. 07-243-01 |

**MEMORANDUM RE: PETITION FOR POST CONVICTION
RELIEF UNDER 28 U.S.C. § 2255**

**Baylson, J.**                                                                     **June 29, 2012**

The Defendant Harry Berroa ("Berroa"), at a third trial, was convicted of serious charges

of one count of conspiracy to interfere with interstate commerce by robbery and one count of

knowingly using and carrying a firearm during and in relation to a crime of violence.  All charges

stemmed from an August 4, 2006 gun-point robbery of a business, the Appliance Factory, a retail

store located in North Philadelphia, Pennsylvania.

Berroa was sentenced to a total prison term of 180 months, six months of which were for

criminal contempt relating to an incident that occurred during jury deliberations.  On direct

appeal, the conviction and sentence were affirmed in a non-precedential opinion, 374 Fed. Appx.

266 (3d Cir. 2010).     Berroa has now filed a Petition for Relief under 28 U.S.C. Section 2255.

As one of his arguments on appeal, Berroa asserted a conflict of interest between his

counsel, Eugene Tinari, Esquire, and counsel for Jesse Dawson, his co-Defendant, and half

brother, represented by Nino Tinari, Esquire.  Eugene Tinari is the son of Nino Tinari.  The main

thrust of Defendant's Petition is that he did not have effective assistance of counsel because of

the relationship of these two lawyers.  Specifically, he asserts that Eugene Tinari did not cross

1

examine Dawson as aggressively as he should have or could have, because of the relationship

between Eugene Tinari and Dawson's counsel, Eugene's father.

   The undersigned, having sat through all three trials, knows from personal experience that

the government's evidence against the Defendant was overwhelming.  The Defendant was

positively  identified as one of two robbers by the victim, and was captured by the police outside

of the retail store immediately after the robbery.  Although Defendant had a different version of

the incident, which he related to the jury during his testimony at all three trials, the weight of the

evidence was entirely in favor of the government's position that the Defendant committed the

crimes with which he was charged.

   The Court also knows that having observed all three trials, Eugene Tinari, Defendant's

attorney at the third trial, waged a vigorous defense of his client with active cross examination of

all witnesses, including Dawson, trying to throw doubt on the credibility of the victim's

testimony, as well as the credibility of Dawson.  No defense lawyer could have done more, if

only because of the victim's consistent testimony that defendant was one of the robbers and the

facts related to the defendant's arrest outside the retail store immediately after the incident, in

close proximity to a firearm.

   In reviewing a claim of ineffective assistance of counsel, the leading case of course is

Strickland v. Washington, 466 U.S. 668, 687 (1984), which sets forth a two-prong test as

follows:

> To succeed on a claim of ineffective assistance of counsel, a
> Defendant must show both that i) the performance of counsel fell
> below an objective standard of reasonableness and ii) the errors of
> counsel prejudiced the defense (citing Strickland, 466 U.S. at 687-
> 88).  To establish the first prong a Defendant must "establish . . .

that counsel's performance was deficient." <u>Jermyn v. Horn</u>, 266 F.3d 257, 282 (3d Cir. 2001). "This requires showing that counsel was not functioning as the 'counsel' guaranteed Defendant by the Sixth Amendment." (Id.)

<u>Jansen v. United States</u>, 369 F.3d 237, 243 (3d Cir. 2004).

In the first place, the Defendant cannot show any prejudice from any alleged shortcomings of Mr. Eugene Tinari's representation of the Defendant. The attorneys who represented Defendant at the first two trials were also very competent, skilled and did their best to try to convince the jury that the victim, in his testimony that the Defendant committed robbery, was not credible. Although the first trial ended in a mistrial, the Court believes that was because of very astute cross examination concerning the interstate commerce issue rather than any jury belief in the innocence of the Defendant. At the second trial, the Defendant was convicted, but the Court granted a new trial because the Court erroneously granted the jury's request for a dictionary without first consulting counsel. The evidence against defendant was overwhelming. The two jury verdicts of guilty reflect rejection of defendant's claim of innocence. No error of counsel prejudice defended.

Concerning the first prong of the <u>Strickland</u> rule, the allegation of performance of counsel is to be addressed by an objective standard. The undersigned, having witnessed numerous criminal trials over many years as a judge, and having represented Defendants in criminal trials as a lawyer, can reach only one conclusion from an objective point of view, that Eugene Tinari, Esquire was highly effective, did everything any defense lawyer could have possibly done given the government's evidence, and that the Defendant did not suffer from ineffective assistance of counsel.

The government has prepared a lengthy and detailed responsive brief, which goes through the trial testimony in great detail, which the Court finds to be an accurate representation of the trial record, and also detailed case law, which need not be repeated in this Memorandum.

The Defendant has filed a reply brief (ECF No. 215).  The Defendant essentially raises two points.  First of all, he asserts that pursuant to the Supreme Court Decision in *Bond v. United States*, 564 U.S. _____ (2011), (rejecting Defendant's argument that a federal statute enforcing the chemical weapons convention intruded on areas of police power reserved to the states) there was no federal jurisdiction in this case.  It is obvious that the facts and central holding of the *Bond* case have nothing to do with the Defendant's argument.  This Court assumes that Defendant is citing *Bond* because his continuing assertion that the evidence was insufficient to support the interstate commerce aspect of the Hobbs Act Armed Robbery statute.  The Court has consistently rejected this argument, the Third Circuit rejected it on appeal, and it is not grounds for relief under a Section 2255 petition.

Defendant also raises an argument under *Wade*, asserting that the identification procedures violated Defendant's due process.  This is a frivolous argument because Defendant was arrested immediately outside the retail store, where he was identified by the victim as one of the robbers.

The Defendant's reply brief does not add any useful arguments.

The Court will DENY Defendant's petition with prejudice.

There are no reasons to certify probable cause for appeal.

An appropriate Order follows.

O:\Criminal Cases\07-243, Berroa, US v\Berroa Memo 2255 Petition.wpd